Alex Straus (SBN 321366)
alex@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA  91436
Telephone:  (917) 471-1894
Facsimile:   (310) 496-3176

*Plaintiff's Attorneys*
*Additional attorneys on signature page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAIN MICHAEL, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>MARS PETCARE US, INC.<br><br>      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Alain Michael ("Plaintiff"), acting on behalf of himself and all others similarly situated ("Class Members"), brings this action for damages and equitable relief against Mars Petcare US, Inc.  ("Defendant").

## NATURE OF THE CASE

1. Dogs can—and often do—have allergic reactions to certain foods, including those that contain wheat, soy, and chicken. Accordingly, when purchasing pet foods, an important consideration for consumers, including Plaintiff and Class Members, is that certain ingredients are omitted from their pets' food.

2.      Consumers willingly pay a premium for limited ingredient pet foods—like Defendant' Nutro Limited Ingredient Diet Adult Lamb & Sweet Potato Recipe Grain Free Dog Food, Nutro Limited Ingredient Diet Adult Salmon & Lentils Recipe Grain Free Dog Food, Nutro Limited Ingredient Diet Adult Duck & Lentils Recipe Grain Free Dog Food,  Nutro Limited Ingredient Diet Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food, Nutro Limited Ingredient Diet Adult Large Breed Lamb & Sweet Potato,  and Nutro Limited Ingredient Diet Small Bites Adult Lamb and Sweet Potato Recipe (collectively "Nutro Limited Ingredient Diets")  purport to be—for the health and well-being of their pets.

3.      Consumers—including Plaintiff—rely on Defendant's representations that the Nutro Limited Ingredient Diets include only limited ingredients, are specifically formulated for the health needs of dogs, that the Nutro Limited Ingredient Diets meet its own ingredient promises and warranties, and that the Nutro Limited Ingredient Diets adhere to quality and manufacturing standards.

## PARTIES

4.      Plaintiff Alain Michael is a citizen of California residing in Thousand Oaks, Ventura County.

5.      Defendant Mars Petcare US, Inc. is a for-profit corporation, organized and existing under the laws of the State of Delaware. Defendant has its National Headquarters in Franklin (Williamson County), Tennessee. Defendant also designs, manufactures, markets, and sells the Nutro Limited Ingredient Diets online and through third-party retailers throughout the United States.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from each of the Defendant.

7.      The Defendant has sufficient minimum contacts with California to be subject to this Court's personal jurisdiction. Defendant intentionally avails themself of the markets within California through the promotion, sale, marketing, and distribution of the Nutro Limited Ingredient Diets and numerous other products, which renders this Court's exercise of jurisdiction necessary and proper.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in and purchased a Nutro Limited Ingredient Diet from this District.

## FACTUAL ALLEGATIONS

### Plaintiff's Facts

9.      Plaintiff Michael purchased he Nutro Limited Ingredient Diets monthly from approximately December 2016 to July 2019 to feed to his own pug, Bingo. Specifically, Plaintiff Michael purchased the Adult Lamb and & Sweet Potato Recipe Grain Free Dog Food and Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food for Bingo.

10.     Plaintiff most often purchased the Nutro Limited Ingredient Diets products from a local Petco and Petsmart. One of the times he purchased the Nutro Limited Ingredient Diets, the 22 lb bag cost approximately $34. Although the Nutro Limited Ingredient Diets products were more expensive than other choices he viewed, he chose to pay the premium price based upon the "limited ingredient" promises made by Defendant.

11.     At the time of all his purchases, Plaintiff relied on Defendant's factual representations about the ingredients in the Nutro Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Nutro Limited Ingredient Diets is a limited ingredient diet that does not contain wheat, soy, or chicken

12.     When Plaintiff learned that the Nutro Limited Ingredient Diets mislabeled its products, he stopped purchasing the Nutro Limited Ingredient Diets products.

13.     Plaintiff Michael did not receive the benefit of his bargain when he purchased the Nutro Limited Ingredient Diets products that included ingredients that did not conform to the packaging representations and warranties made by Defendant. Had he been aware of the misrepresentations, he would have either not purchased the Nutro Limited Ingredient Diets or would have paid less for it.

14.     If Defendant would conform the Nutro Limited Ingredient Diet to its packaging and ingredient warranties and promises, Plaintiff Michael would be willing and likely to purchase the Nutro Limited Ingredient Diets in the future.

**The Nutro Company's  Background**

15.     Nutro Natural Pet Food, founded in 1926, was acquired by Mars in 2007. Nutro natural pet Food has its headquarters in Franklin, Tenn. The company website states that all Nutro foods are manufactured in the United States facilities.[1]

16.     According to the California Secretary of State's website, the Nutro Company was a domestic corporation founded in 1980 until it merged with Mars, Petcare US, Inc. on January 3, 2016.

**Academic Research Regarding the Pet Food Industry**

17.     Before December 2014, little or no peer-reviewed academic research was published concerning the accuracy of label claims with respect to ingredients present in canine foods.

18.     In December 2014, a group of researchers found that only 18% of the pet food samples they tested completely matched the label claims with respect to the content of animal by-products. Thus, 82% of the products analyzed by the researchers contained non-conforming ingredients when compared to their label claims. The December 2014 study hypothesized that raw materials used in the preparation of the

---

[1] https://dogcare.dailypuppy.com (last visited May 28, 2020)

canned food products contained multiple protein types and may have contributed to contamination.[2]

19.     In 2016, another study looked into the issue of whether vegan pet food contained non-conforming mammalian ingredients.[3]  Vegan pet foods should contain no mammalian proteins or ingredients. The study found that half of the products tested contained non-conforming mammalian DNA in the products and suggested that manufacturers are ultimately responsible for maintaining adequate end product quality control to prevent such discrepancies between their ingredients and label claims.

20.     By 2018, research into pet food products' label claims and the presence of non-conforming ingredients intensified. Out of the 40 products analyzed in one study, the ingredients of only 10 products correctly matched their label.[4]  Of the remaining 30 products, 5 did not contain the declared animal species ingredients and 23 others revealed the presence of undeclared animal species. Two of the products' labels were vague and their accuracy was indeterminable. This 2018 study found that mislabeling was an especially widespread problem in pet foods used for "elimination diets" (i.e. used to investigate food allergies). In this 2018 study, researchers suggested that manufacturers should pay particular attention to both the selection of raw material suppliers and the production processes for pet food due to the high risk of contamination.

---

[2] *See* Ming-Kun Hsieh, *et al.*, *Detection of undeclared animal by-products in commercial canine canned foods: Comparative analyses by ELISA and PCR-RFLP coupled with slab gel electrophoresis or capillary gel electrophoresis*, J Sci Food Agric. 2016 Mar 30; 96(5): 1659-65 (completed December 31, 2014).

[3] *See* K. Kanakubo, *et al.*, *Determination of mammalian deoxyribonucleic acid (DNA) in commercial vegetarian and vegan diets for dogs and cats*, Journal of Animal Physiology & Animal Nutrition, 2017 Feb; 101 (1): 70–74 (March 3, 2016).

[4] *See* Rebecca Ricci, *et al.*, *Undeclared animal species in dry and wet novel and hydrolyzed protein diets for dogs and cats detected by microarray analysis,* BMC Veterinary Research Volume 14, Article number: 209 (2018).

21.     A second 2018 study (conducted in Europe) tested 11 canine and feline limited ingredient wet food products and found the presence of non-conforming ingredients in 54% of the products.[5] This study further suggested other peer-reviewed studies found that 80% of the dry foods analyzed contained non-conforming products. This study suggested that the high rate of cross-contamination in dietic limited-antigen wet canine and feline foods may be due to inadequate quality-control practices in the pet food industry, and opined that the pet food industry has a legal obligation to produce safe food for consumers. The researchers hypothesized that pet food contamination occurs at two different points during manufacturing: 1) in the production of the feed materials (sometimes attributable to suppliers), and 2) during the actual production of the pet food via cross-contamination during manufacturing production lines, improper equipment cleaning, or other production deficiencies.

22.     In 2018, a third study summarized 18 studies, articles, and an abstract published between July 2017 and January 2018 related to pet food ingredient testing. The authors concluded that the mislabeling of pet food appears rather "common" in the limited ingredient diet products that are proposed for elimination diets.[6] They also found that unexpected added ingredients are more frequently detected than those missing from the label.

23.     Since 2014, virtually all scholarly researchers have found that pet food sold to consumers frequently contains non-conforming ingredients, and significant discrepancies between pet food products' labeling and their actual ingredients appears to be commonplace among pet food manufacturers.

_____

[5] See Elena Pagani, et al., Cross-contamination in canine and feline dietetic limited-antigen wet diets, BMC Vet Res. 2018; 14: 283 (September 12, 2018).

[6] See Thierry Olivry and Ralf S. Mueller, Critically Appraised topic on adverse food reactions of companion animals (5): discrepancies between ingredients and labeling in commercial pet foods, BMC Vet Res. 2018 Jan 22; 14(1):24 (January 22, 2018).

**Defendant's Material Misrepresentations**

24. Pet foods vary in their quality of ingredients, formula, manufacturing processes, and inspection quality. Pet owners who purchase "grain free" and "limited ingredient" products pay a premium in order to alleviate their pets' allergies or to provide various health benefits associated with a grain free or limited ingredient diet. Notably, food allergies are more common among certain dog breeds than others.

25. In addition, pet owners are willing to pay a premium for dog food with premium ingredients and expect the products that are advertised in this manner to conform to the ingredients listed on the packaging.

26. Accordingly, Defendant's misrepresentations regarding the ingredients in the Nutro Limited Ingredient Diets are material to consumers who purchase this product, passing over products that cost less but do not claim to be made from select, premium ingredients.

27. Inclusion of the phrases "the Nutro Limited Ingredient Diets" and "Limited Ingredient" in the product name for "the Nutro Limited Ingredient Diets Limited Ingredient" dog food line is intended to appeal specifically to dog owners whose pets have exhibited allergic or other adverse reactions to other dog foods. "Limited ingredient" diets are often recommended by veterinarians to reduce risks of adverse reactions of dogs to certain ingredients that may be used as filler in lower-priced dog foods.

28. Defendant understands the importance of not having ingredients that cause allergic reactions or adverse reactions and states on it's website "[t]hese recipes avoid ingredients that commonly cause food sensitivities in pets, like chicken, beef, corn, wheat, soy and dairy protein."[7]

---

[7] https://www.nutro.com/natural-dog-food/nutro/dry/adult-venison-meal-sweet-potato-recipe.aspx (last visited May 28, 2020)

29.     The representations are identical across all of the Nutro Limited Ingredient Diets. Each product states on the front of the label "NO CHICKEN" and "No Corn, Wheat, or Soy". There is no variance in these unequivocal representations across any of the Nutro Limited Ingredient Diets.

30.     The front and back of the Nutro Limited Ingredient Diets dog food bags include numerous representations of the Defendant that are materially misleading. Images of the front of the bags are reproduced below:

**I.     Nutro Limited Ingredient Diet Adult Large Breed Lamb & Sweet Potato Recipe Grain Free Dog Food[8]**



---

[8] https://www.amazon.com/Nutro-Limited-Ingredient-Adult-Potato/dp/B01MZ1EWVE (last visited May, 28, 2020).



## II.   Nutro Limited Ingredient Diet Small Bites Adult Lamb & Sweet Potato Recipe Grain Free Dog Food[9]

[9] https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136781?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaIQobChMIv9fUy9jW6QIVjbbICh1ecQFnEAQYASABEgJc6PD_BwE (last visited May, 28, 2020).



### III.   <u>Nutro Limited Ingredient Diet Adult Duck & Lentils Recipe Grain Free Dog Food<u>10</u></u>



[10] https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136794?utm_source=google-product&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaIQobChMI6ZKIqtjW6QIVhIXICh0o8QfREAQYASABEgI_DPD_BwE (last visited May, 28, 2020).



**IV.    Nutro Limited Ingredient Diet Salmon & Lentils Recipe Grain Free Dog Food[11]**

---

[11] https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136791?-utm_source=google-product&utm_medium=cpc&utm_campaign=f&-utm_content=Nutro&utm_term=&gclid=EAIaIQobChMIhYLvj9fW6QIVEfDACh0F5gkyEAQYASABEgIhjPD_BwE (last visited May, 28, 2020)



### V. **Nutro Limited Ingredient Diet Adult Venison Meal & Sweet Potato Recipe Grain Free Dog Food**[12]



---

[12] https://www.chewy.com/nutro-limited-ingredient-diet-grain/dp/136788?-utm_source=googleproduct&utm_medium=cpc&utm_campaign=f&utm_content=Nutro&utm_term=&gclid=EAIaIQobChMI6deWy9bW6QIVFbbICh3_7QUZEAQYASABEgJVOvD_BwE (last visited May 28, 2020)



## VI.    Nutro Limited Ingredient Diet Adult Lamb & Sweet Potato Recipe Grain Free Dog Food[13]



[13] https://www.amazon.com/Nutro-Limited-Ingredient-AdultPotato/dp/-B01N1TY8K3?th=1 (last visited May 28, 2020)

31.     The representations that the Nutro Limited Ingredient Diets contains "no corn, wheat or soy" and "NO CHICKEN" appear prominently, in large type, on the front of every bag. The words "Grain Free" are also very prominently on the front of every Nutro Limited Ingredient Diets' bag.

32.     The back of the bag also includes an ingredient list for the Nutro Limited Ingredient Diets. Wheat, soy, and chicken are not listed as ingredients in this list.

33.     All of the Defendant's representations regarding the ingredients in The Nutro Limited Ingredient Diets, and the safety of The Nutro Limited Ingredient Diets for dogs that may be sensitive or allergic to wheat, soy, or chicken, are false.  In fact, The Nutro Limited Ingredient Diets contains significant amounts of each of these ingredients. Plaintiff's independent analysis of the ingredients of the Nutro Limited Ingredient Diets found that the Nutro Limited Ingredient Diets contain material amounts of chicken, wheat, and soy using the industry standard Q-PCR method of DNA testing.

**Defendant's Misrepresentations and Omissions are Material to Consumers**

34.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes, and inspection quality, dog owners often choose to purchase products that are wheat free, soy free, or chicken free because certain dog breeds have allergies associated with dog foods that contain these ingredients or because the owners understand that certain ingredients help—or hamper—their pets' health, weight, and overall wellbeing.

35.     When pet owners buy limited ingredient dog food, they usually do so to prevent a health issue or address a nutritional deficiency that their dog may be experiencing.  And consumers generally must pay a premium price for specialized pet food formulations.

36.     Accordingly, Plaintiff and Class Members purchased the Nutro Limited Ingredient Diets instead of cheaper dog food alternatives—some of which are also marketed by Defendant—that were known to contain wheat, soy, and/or chicken.

37.     Defendant's misrepresentations about the formulation of the Nutro Limited Ingredient Diets drive consumers' purchases.

## CLASS ACTION ALLEGATIONS

**Class Definitions**

38.     Plaintiff brings this action on behalf of himself and the members of the following class:

> All persons residing in California who, during the maximum period of time permitted by law, purchased The Nutro Limited Ingredient Diets primarily for personal, family, or household purposes, and not for resale.

39.     Specifically excluded from this definition are: (1) Defendant, any entity in which any Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case

is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

40.     Plaintiff reserves the right to amend the Class definition as necessary.

41.     As used herein, "Class Members" shall mean and refer to the members of the Class, including Plaintiff.

42.     Plaintiff seeks only damages and equitable relief on behalf of himself and the Class Members.  Plaintiff disclaims any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by Plaintiff and/or the Class Members.

43.     <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

44.     <u>Typicality</u>: The claims of the representative plaintiff are typical in that Plaintiff, like all Class Members, purchased the Nutro Limited Ingredient Diets that were manufactured and distributed by Defendant.  Plaintiff, like all Class Members, have been damaged by Defendant's misconduct in that, *inter alia*, he has incurred or will continue to incur damage due to purchasing a product at a premium price that contained ingredients (wheat, soy, and chicken) that Defendant represented were absent from the Nutro Limited Ingredient Diets. Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Class Members.

45.     <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiff and Class Members that predominate over any individual questions.  These common legal and factual issues include the following:

a) Whether the Nutro Limited Ingredient Diets contain wheat, soy, and/or chicken;

b) Whether Defendant's representations that their products contain no wheat, soy, or chicken are false;

c) Whether Defendant expressly warranted that the Nutro Limited Ingredient Diets would conform to the representations made on its packaging that the Nutro Limited Ingredient Diets contain no wheat, soy, or chicken;

d) Whether Defendant impliedly warranted that the Nutro Limited Ingredient Diets would conform to the representations that it is a limited ingredient product that would pass without objection in the trade under this description and is fit for the ordinary purposes for which such goods are sold;

e) Whether Defendant breached their warranties by making the representations above;

f) Whether Defendant was unjustly enriched by making the representations and omissions above;

g) Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

h) Whether Defendant's actions as described above violated state consumer protection laws as alleged herein;

i) Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above described practices.

46.    <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

47.     <u>Predominance and Superiority</u>: Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

48.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT 1
## <u>VIOLATION OF MAGNUSON-MOSS WARRANTY ACT</u>
### (15 U.S.C. § 2301, *et seq.*)

49.     Plaintiff brings this count on behalf of himself and the Class and repeat and re-allege all previous paragraphs, as if fully included herein, as well as the allegations as to the breach of implied warranty of merchantability as set forth in Court 3 below.

50.     As previously alleged, this Court has original jurisdiction over this matter based upon the requirements of CAFA; therefore, the Court has alternate jurisdiction over Plaintiff's Magnuson-Moss claim.

51.     The Nutro Limited Ingredient Diets are consumer products as defined in 15 U.S.C. § 2301(1).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

52. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3) and utilized the Nutro Limited Ingredient Diets for personal and household use and not for resale or commercial purposes.

53. Plaintiff purchased the Nutro Limited Ingredient Diets costing more than $5 and his individual claims are greater than $25 as required by 15 U.S.C. §§ 2302(e) and 2310(d)(3)(A).

54. Defendant are suppliers and warrantors as defined in 15 U.S.C. §§ 2301(4) and (5).

55. The federal Magnuson-Moss Warranty Act ("MMWA" or "Act"), 15 U.S.C. §§ 2301-2312, is a consumer protection regime designed to supplement state warranty law.

56. The MMWA provides a cause of action for breach of warranty, including the implied warranty of merchantability, or other violations of the Act. 15 U.S.C. § 2310(d)(1).

57. The Defendant has breached their implied warranties of merchantability by failing to provide merchantable goods. The Nutro Limited Ingredient Diets dog food at issue is not merchantable or fit for its ordinary purposes because the dog food is purportedly designed and marketed as a wholesome limited ingredient food for pets whose choose to avoid feeding them wheat, soy, or chicken, yet Plaintiff's and proposed class members' the Nutro Limited Ingredient Diets products do not function accordingly.

58. Defendant breached its implied warranty of merchantability because the Nutro Limited Ingredient Diets did in fact contain wheat, soy, and chicken, and therefore fails to function as a limited ingredient diet.

59. In its capacity as warrantor, and by the conduct described herein, any attempt by Defendant to limit the warranties in a manner that it does is not permitted by law.

60.     By Defendant's conduct as described herein, Defendant has failed to comply with its obligations under its implied promises, warranties, and representations.

61.     Plaintiff and the Classes fulfilled their obligations under the implied warranties.

62.     As a result of Defendant's breach of warranties, Plaintiff and the Classes are entitled to revoke their acceptance of The Nutro Limited Ingredient Diets, obtain damages, punitive damages, equitable relief, and attorneys' fees and costs pursuant to 15 U.S.C. § 2301.

## COUNT 2
## BREACH OF EXPRESS WARRANTY

63.     Plaintiff brings this count on behalf of himself and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

64.     Defendant marketed, sold, and/or distributed the Nutro Limited Ingredient Diets, and Plaintiff and Class Members purchased the Nutro Limited Ingredient Diets.

65.     Defendant represented in their marketing, advertising, and promotion of The Nutro Limited Ingredient Diets that their product contained "no wheat, soy," and "NO CHICKEN."

66.     Defendant made these representations to induce Plaintiff and Class Members to purchase the Nutro Limited Ingredient Diets, which did in fact induce Plaintiff and other Class Members to purchase this product.

67.     Accordingly, Defendant's representations that the Nutro Limited Ingredient Diets contained no wheat, soy or chicken became part of the basis of the bargain between Defendant and Plaintiff and other Class Members.

68.     The Nutro Limited Ingredient Diets did not conform to Defendant's representations and warranties regarding wheat, soy, and chicken because at all

relevant times the bags of the Nutro Limited Ingredient Diets contained these ingredients.

69.     As a direct and proximate result of Defendant's breaches of its express warranties and their failure to conform to the Nutro Limited Ingredient Diets' express representations, Plaintiff and members of the Class have been damaged.  Plaintiff and Class Members have suffered damages in that they did not receive the product they specifically paid for and that Defendant warranted it to be. In addition, Plaintiff and Class Members paid a premium for a product that did not conform to the Defendant's warranties.

## COUNT 3

## **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

70.     Plaintiff brings this count on behalf of himself and the Class and repeat and re-allege all previous paragraphs, as if fully included herein.

71.     Defendant marketed, sold, and/or distributed the Nutro Limited Ingredient Diets, and Plaintiff and other Class Members purchased the Nutro Limited Ingredient Diets.

72.     Plaintiff brings this claim for breach of the Uniform Commercial Code's implied warranty of merchantability on behalf of himself and other consumers who purchased the Nutro Limited Ingredient Diets as a limited ingredient dog food product for their pets.

73.     The Defendant is a merchant as defined by applicable UCC provisions.

74.     Privity between Plaintiff and the class and Defendant is not required under California law.

75.     The Defendant has breached the implied warranties of merchantability that they made to Plaintiff and the prospective class. For example, Defendant impliedly warranted that the Nutro Limited Ingredient Diets products were free from defects, that they were merchantable, and that they were fit for the ordinary purpose for which limited ingredient dog foods are used.

76.     When sold by Defendant, the Nutro Limited Ingredient Diets were not merchantable, did not pass without objection in the trade as a limited ingredient diet for dogs, was not of adequate quality within that description, was not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label.

77.     Plaintiff will give notice to Defendant within a reasonable time that the product was not fit for such purpose and/or was not otherwise merchantable as set forth above. Plaintiff will amend his complaint at such time after proper notice is given to amend this allegation.

78.     As a direct result of the Nutro Limited Ingredient Diets being unfit for its intended purpose as a limited ingredient food product and/or otherwise not merchantable, Plaintiff and class members were damaged and are entitled to remedies provided under Article 2 of the U.C.C., including under California law specifically, monetary damages. *See, e.g.*, Cal. Com. Code § 2714. Because of the defects in the Nutro Limited Ingredient Diets product as described herein, there was no value to the goods as accepted. The value of the Nutro Limited Ingredient Diets products had they been as warranted may be measured by their purchase prices; accordingly, damages in the sums of their purchase prices, or as otherwise measured pursuant to the damages provisions of Article 2 of the UCC, are warranted to plaintiffs and members of the proposed class. *See*, e.g., Cal. Com. Code § 2714(2).

79.     As a direct and proximate result of Defendant's breach of the warranties of merchantability, Plaintiff and the other class members have been damaged in an amount to be proven at trial.

## COUNT 4
## UNJUST ENRICHMENT

80.     Plaintiff brings this count on behalf of himself and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

81. Plaintiff conferred benefits on Defendant by purchasing the Nutro Limited Ingredient Diets at a premium price.

82. Defendant has knowledge of its receipt of such benefits.

83. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Nutro Limited Ingredient Diets.

84. Defendant's retaining these moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented that Nutro Limited Ingredient Diets contained no wheat, soy or chicken when, in fact, the Nutro Limited Ingredient Diets did contain these non-conforming ingredients.

85. Defendant's misrepresentations have injured Plaintiff and Class Members because they would not have purchased (or paid a price premium) for the Nutro Limited Ingredient Diets had they known the true facts regarding the Nutro Limited Ingredient Diets' ingredients.

86. Because it is unjust and inequitable for Defendant to retain such non-gratuitous benefits conferred on it by Plaintiff and Class Members, Defendant must pay restitution to Plaintiff and Class Members, as ordered by the Court.

## COUNT 5
## CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA")
### (Civil Code §§ 1750, *et seq.*)

87. Plaintiff brings this count on behalf of himself and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

88. The CLRA prohibits deceptive practices by any business that provides goods, property, or services primarily for personal, family, or household purposes.

89. Plaintiff and the Class members are "consumers" as defined in California Civil Code § 1761(d).

90. The Nutro Limited Ingredient Diets Products are "goods" as defined in California Civil Code § 1761(a).

91. Defendant is a "person" as defined in California Civil Code § 1761(c).

92.    Plaintiff's and the Class members' purchases of the Nutro Limited Ingredient Diets are "transactions" as defined in California Civil Code § 1761(e).

93.    Defendant's representations and omissions concerning the quality, benefits and effectiveness of the Nutro Limited Ingredient were false and/or misleading as alleged herein.

94.    Defendant's false or misleading representations and omissions were such that a reasonable consumer would attach importance to them in determining his or her purchasing decision.

95.    Defendant's false and misleading representations and omissions were made to the entire Class as they were prominently displayed on the packaging of every bag of the Nutro Limited Ingredient Diets dog food.

96.    Defendant knew or should have known their representations and omissions were material and were likely to mislead consumers, including Plaintiff and the Class.

97.    Defendant's practices, acts, and course of conduct in marketing and selling the Nutro Limited Ingredient Diets Products were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

98.    Defendant's false and misleading representations and omissions were designed to, and did, induce the purchase and use of the Nutro Limited Ingredient Diets Products for personal, family, or household purposes by Plaintiff and Class members, and violated and continue to violate the following sections of the CLRA:

    a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it was not.

99.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

100.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

101.    Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiff and to each Class member.

102.    On May 29, 2020, Plaintiff provided written notice to Defendant via FedEx demanding corrective actions pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1770, *et seq*. Plaintiff will amend her complaint to add claims for monetary damages if Defendant fails to take the corrective actions.

103.    Plaintiff's declaration stating facts showing that venue in this District is proper pursuant to Cal. Civ. Code § 1780(c) is attached hereto as **Exhibit A**.

104.    Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, their reasonable attorneys' fees and costs, and any other relief that the Court deems proper.

## COUNT 6
## CALIFORNIA FALSE ADVERTISING LAW ("FAL")
### (Business and Professions Code §§ 17500, *et seq.*)

105.    Plaintiff brings this count on behalf of himself and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

106.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

107. It also is unlawful under the FAL to make or disseminate any advertisement that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

108. As alleged herein, the advertisements, labeling, website, policies, acts, and practices of Defendant relating to the Nutro Limited Ingredient Diets Products were and are deceptive and misleading.

109. As alleged herein, the advertisements, labeling, website, policies, acts, and practices of Defendant misled consumers acting reasonably as to Defendant's representations about quality, benefits, and ingredients of the Nutro Limited Ingredient Diets.

110. Plaintiff suffered injury-in-fact as a result of Defendant's actions as set forth herein because, as a reasonable consumer, he purchased the Products in reliance on Defendant's false and misleading labeling claims concerning the Nutro Limited Ingredient Diets' qualities, benefits, and ingredients.

111. Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Nutro Limited Ingredient Diets in a manner that is untrue and misleading, which Defendant knew or reasonably should have known was untrue, and because Defendant omitted material information from their advertising.

112. Defendant profited from sale of the falsely and deceptively advertised Products to reasonable but unwary consumers including Plaintiff and the Class, and Defendant has thereby been unjustly enriched.

113. As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

114. Because Plaintiff owns pets to whom he would like to feed a limited ingredient dog food, he suffers threat of future harm because he is unable to rely on Defendant's representations regarding the ingredients of The Nutro Limited

Ingredient Diets. Likewise, because Defendant has made such representations with impunity thus far, Plaintiff's ability to discern truthful from untruthful claims made with respect to Defendant's and other competitors' dog food ingredients is impaired. Injunctive relief requiring Defendant to make only truthful statements in their advertising would remedy these harms.

115.   Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

### COUNT 7

### CALIFORNIA UNFAIR COMPETITION LAW ("UCL")

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

116.   Plaintiff brings this count on behalf of himself and the Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

117.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein constitute business acts and practices.

118.   Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they have the capacity to deceive reasonable consumers, including Plaintiff and the Class, as to the benefits and ingredients of the Nutro Limited Ingredient Diets Products.

119.   Unlawful: The acts alleged herein are "unlawful" under the UCL in that they violate at least: (a) the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (b) the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; and (c) California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 109875, *et seq.*

120.   <u>Unfair</u>: Defendant's conduct with respect to the labeling, advertising, and sale of The Nutro Limited Ingredient Diets was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims, including Plaintiff and the Class.

    a.   Defendant's conduct with respect to the labeling, advertising, and sale of the Nutro Limited Ingredient Diets was and is unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of the False Advertising Law and Consumers Legal Remedies Act.

    b.   Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

    c.   Reasonable consumers, including Plaintiff and the Class, purchased the Products believing they were beneficial and effective as claimed by Defendant when in fact they were not—a fact of which consumers could not reasonably have become aware.

121.   <u>Fraudulent</u>: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

    a.   As set forth herein, Defendant's representations and omissions about the quality, benefits, and effectiveness of the Nutro Limited Ingredient Diets were and are false and likely to mislead or deceive the public because a significant portion of the general consuming public, acting reasonably in the circumstances, could be misled by Defendant's representations and omissions.

122.   Defendant profited from their sale of the falsely, deceptively, and unlawfully advertised and packaged the Nutro Limited Ingredient Diets to unwary consumers.

123.   Defendant's conduct directly and proximately caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff and the Class have suffered injury-in-fact as a result of Defendant's unlawful conduct including but not limited to the damages as described above.

124.   Plaintiff and the Class are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Nutro Limited Ingredient Diets' packaging and through the marketing and advertising of the Products.   Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

125.   Because Plaintiff owns pets to whom he would like to feed limited ingredient dog food, he suffers threat of future harm by the Defendant because he is unable to rely on Defendant's representations regarding the qualities and ingredients of their products in deciding whether to purchase the Nutro Limited Ingredient Diets in the future.   Likewise, because Defendant have made such representations with impunity thus far, Plaintiff's ability to discern truthful from untruthful claims made with respect to competitors' dog food products is impaired. Injunctive relief requiring Defendant to make only truthful statements in their advertising would remedy these harms.

126.   In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

127.   Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of a class of all others similarly situated, seeks a judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class representative and Plaintiff's attorneys as Class Counsel;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages, as applicable, in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses and costs incurred in bringing this lawsuit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 29, 2020.                    Respectfully submitted,

*/s/ Alex Straus*
Alex Straus (SBN 321366)
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA  91436
Tel:  917-471-1894
Fax: 310-496-3176
alex@gregcolemanlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lisa A. White*
Arthur Stock*
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
Fax: 865-522-0049
lisa@gregcolemanlaw.com
arthur@gregcolemanlaw.com

Nick Suciu III
**BARBAT, MANSOUR,
SUCIU & TOMINA PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel:  313-303-3472
nicksuciu@bmslawyers.com

J. Hunter Bryson*
**WHITFIELD BRYSON, LLP**
641 S St. NW
Washington, DC 20001
Tel: 919-539-2708
hunter@whitfieldbryson.com

*Attorneys for Plaintiff*

*\*Applications for pro hac vice to follow*