1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alex Straus, SBN # 321366
alex@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
16748 McCormack Street
Los Angeles, CA  91436
Telephone:  310-450-9689
Facsimile:  310-496-3176
*Plaintiff's Attorneys*
*Additional attorneys on signature page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALAIN MICHAEL, on behalf of himself and all others similarly situated,

              Plaintiff,

     v.

MARS PETCARE US, INC.,

              Defendant.

Case No.  2:20-cv-04845-RGK-KS

**MEMORANDUM IN SUPPORT OF PLAINTFF'S MOTION FOR VOLUNTARY DISMISSAL**

**Date:  August 31, 2020**
**Time: 9:30 a.m.**
**Place:  U.S. Courthouse**
     **255 East Temple St.**
     **Los Angeles CA  90012**
     **Courtroom 850**

### Introduction.

On May 29, 2020, Plaintiff filed his Class Action Complaint against Mars Petcare US, Inc. alleging that numerous Nutro Limited Diet Grain Free Dog Foods contained various non-conforming ingredients. Dkt. 1 ¶¶ 2, 24-37. "Plaintiff brought his claims individually and on behalf of  all persons in California, who, during the maximum period of time permitted by law, purchased The Nutro Limited Ingredient

Diets primarily for personal, family, or household purposes, and not for resale." *Id.* ¶ 38. Plaintiff alleged Defendant's conducted violated Magnuson-Moss Warranty Act, breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, California Consumer Legal Remedies Act, California False Advertising Law, and California Unfair Competition Law. *Id.* ¶¶ 49-127. On June 26, 2020, Defendant filed a timely answer and denied most of the allegations in the Complaint. Dkt. 20. No substantive motions have been filed with the Court, and discovery has not begun.

### **Argument.**

After an adverse party has filed an answer or motion for summary judgment, plaintiff cannot voluntarily dismiss without leave of court. Fed.Rules Civ.Proc.Rule 41(a)(2), 28 U.S.C.A. *Watson v. Clark*, 716 F. Supp. 1354 (D. Nev. 1989), aff'd, 909 F.2d 1490 (9th Cir. 1990). Generally, motions filed under Fed.R.Civ.P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir.1980). The district court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982). Plain legal prejudice does not result simply when a "defendant faces the prospect of a second lawsuit," or when plaintiff "merely gains some tactical advantage." *Id.* Neither does plain legal prejudice arise from defendant's missed opportunity for a legal ruling on the merits. *In re Fed. Election Campaign Act Litigation,* 474 F.Supp. 1051, 1052 (D.D.C.1979); *Wainwright Sec., Inc. v. Wall St. Transcript *1356 Corp.,* 80 F.R.D. 103, 106 (S.D.N.Y.1978). The Ninth Circuit has also held that the fact that defendants have begun trial preparations does not constitute

legal prejudice. *Veina v. Sutter Hotel Assocs., L.P.*, No. C 98-0980 SI, 1998 WL 822773, at *2 (N.D. Cal. Nov. 9, 1998) (citing *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir.1982) (citing *Re Lowenschuss,* 67 F.3d 1394, 1400–01 (9th Cir.1995), *cert. denied,* 517 U.S. 1243, 116 S.Ct. 2497, 135 L.Ed.2d 189 (1996). Plain legal prejudice also does not result simply when plaintiff gains some tactical advantage. *Veina v. Sutter Hotel Assocs., L.P.*, No. C 98-0980 SI, 1998 WL 822773, at *2 (citing *Hamilton,* 679 F.2d at 145).

Court do consider granting fees and costs to the defendant to protect the defendant against expenses occurred for work which cannot be used in any future litigation. *Veina*, No. C 98-0980 SI, 1998 WL 822773, at *4 (*Westlands Water District v. United States,* 100 F.3d 94, 97 (9th Cir.1996) An award of fees is not mandatory, however, and a defendant is not entitled to fees and costs for work completed after the defendant was aware of the motion to dismiss. *Id.*

Here, Defendant cannot point to any prejudice it will suffer by the dismissal of Plaintiff's case to warrant a denial of Plaintiff's motion to dismiss without prejudice. Plaintiff has not sent out discovery, amended its complaint, responded to any motion to dismiss, or any other dispositive motion that would cause Defendant to incur any prejudice. To date, Defendant has answered Plaintiff's Complaint and has not advanced the case to a point where Defendant can argue it has suffered any sort of prejudice. Further, Plaintiff engaged in a meet and confer with Defendant's Counsel in which Plaintiff's Counsel conveyed to Defendant its intent to file a motion to dismiss its complaint without prejudice shortly after Defendant filed its answer. This was done as a good faith effort to alert Defendant of its forthcoming motion and to prevent Defendant from incurring any more costs related to this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Conclusion.</u>**

For the following reasons, Plaintiff requests that the Court grant its Motion To Dismiss Its Complaint Without Prejudice.

Dated August 18, 2020                    Respectfully submitted,


                                         _/s/ Alex Straus_
                                         Alex Straus, SBN # 321366
                                         **GREG COLEMAN LAW PC**
                                         16748 McCormack Street
                                         Los Angeles, CA  91436
                                         Telephone: 310-450-9689
                                         Facsimile: 310-496-3176
                                         alex@gregcolemanlaw.com

                                         Lisa A. White*
                                         Arthur Stock*
                                         **GREG COLEMAN LAW PC**
                                         First Tennessee Plaza
                                         800 S. Gay Street, Suite 1100
                                         Knoxville, TN 37929
                                         Tel: 865-247-0080
                                         Fax: 865-522-0049
                                         lisa@gregcolemanlaw.com
                                         arthur@gregcolemanlaw.com

                                         Nick Suciu III
                                         **Barbat, Mansour, Suciu & Tomina PLLC**
                                         6905 Telegraph Rd., Suite 115
                                         Bloomfield Hills, MI 48301
                                         Tel: 313-303-3472
                                         nicksuciu@bmslawyers.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

J. Hunter Bryson*
**WHITFIELD BRYSON, LLP**
641 S St. NW
Washington, DC 20001
Tel: 919-539-2708
hunter@whitfieldbryson.com

*Attorneys for Plaintiff*
*\*Applications for pro hac vice to follow*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2020, I electronically filed the foregoing document entitled Memorandum in Support of Plaintiff's Notice of Voluntary Dismissal with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.


Dated August 18, 2020.              Respectfully submitted,


                                    */s/ Alex Straus*
                                    Alex Straus, SBN # 321366
                                    **GREG COLEMAN LAW PC**
                                    16748 McCormack Street
                                    Los Angeles, CA  91436
                                    Telephone: 310-450-9689
                                    Facsimile: 310-496-3176
                                    alex@gregcolemanlaw.com